Case No. 4:25-cv-04308

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

In re: Geden Holdings, Ltd.,
Debtor in a Foreign Proceeding

Geden Holdings, Ltd.

Appellant

v.

Advantage Award Shipping, LLC

Appellee

Appeal from the United States Bankruptcy Court for the
Southern District of Texas, Houston Division
Case No. 25-90135

# APPELLEE'S BRIEF

PACHULSKI STANG ZIEHL & JONES LLP
Michael D. Warner
Jordan A. Kroop
Steven W. Golden
700 Louisiana Street, Suite 4500
Houston, TX 77002
Telephone: (713) 691-9385

*Counsel for Advantage Award Shipping, LLC*

4896-5615-7829.4 01222.00001

## RULE 8012 DISCLOSURE

Appellee Advantage Award Shipping, LLC is a privately-held limited liability company organized under the laws of the Bahamas, wholly owned by Advantage Tankers, LLC, itself a privately-held limited liability company organized under the laws of the Marshall Islands.

## TABLE OF CONTENTS

Page

ISSUE PRESENTED ................................................................. 1

SUMMARY OF ARGUMENT .................................................. 2

ARGUMENT........................................................................... 5

Advantage Award's "Standing" Is Not Before This Court.............. 6

Uncontroverted Facts Demonstrate COMI was Unclear ............... 9

COMI Presumption Was Rebutted............................................. 12

Geden Failed to Meet Its Evidentiary Burden  to Establish
COMI in Malta ................................................................... 17

The Bankruptcy Court Did Not Err in Refusing Recognition....... 20

CONCLUSION ...................................................................... 25

ii

## TABLE OF AUTHORITIES

**Page**

### CASES

*Andrews v. Cadleway Props.*, 2008 U.S. Dist. LEXIS 42174 (S.D. Tex. 2008)..........22

*Arizonans for Official English v. Arizona,* 520 U.S. 43, 64 (1997)..............................6

*Flint Hills Res. LP v. Jag Energy Inc.,* 559 F.3d 373 (5th Cir. 2009) ....................9, 22

*In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*, 374 B.R. 122 (Bankr. S.D.N.Y. 2007) ...............................................13, 15

*In re Creative Fin. Ltd.,* 543 B.R. 498 (Bankr. S.D.N.Y. 2016)...........................14, 24

*In re Fairfield Sentry Ltd.,* 714 F.3d 127 (2d Cir. 2013) ...................................14, 19

*In re Megrelis*, 2014 Bankr. LEXIS 3905 (Bankr. S.D. Tex. Sep. 12, 2014) ...............6

*In re Oi Brasil Holdings Cooperatief U.A.,* 578 B.R. 169 (Bankr. S.D.N.Y. 2017) .........................................................................................13, 15

*In re Xenon Anesthesia of Tex., P.L.L.C.*, 698 F. App'x 793 (5th Cir. 2017) ...............6

*Lavie v. Ran (In re Ran),* 607 F.3d 1017 (5th Cir. 2010)......................................7, 17

*Singleton v. Wulff,* 428 U.S. 106 (1976) .......................................................................8

*Terry v. Sparrow,* 328 B.R. 450 (M.D.N.C. 2005) .......................................................2

*Truck Ins. Exch. v. Kaiser Gypsum Co.*, 602 U.S. 268 (2024) .................................6, 7

*Wyoming v. USDA,* 661 F.3d 1209, 1254 n.3 (10th Cir. 2011)....................................6

### STATUTES

Bankruptcy Code § 1516(c)..........................................................................12, 13, 24

Bankruptcy Code § 1517..............................................................................17, 21, 22

### RULES

Bankruptcy Rule 1012(a)............................................................................................6, 7

Bankruptcy Rule 2022(q)(1) ..........................................................................................7

Bankruptcy Rule 8014(b)................................................................................................1

### OTHER AUTHORITIES

Jay Lawrence Westbrook, *Locating the Eye of the Financial Storm*, 32 BROOK. J. INT'L L. 3, 15 (2007) ................................................................15

# APPELLEE'S BRIEF

•   •   •

## ISSUE PRESENTED

Advantage Award agrees with Geden that the sole issue presented in this appeal is whether the bankruptcy court erred in denying Geden's petition for foreign recognition of the Malta Proceeding.[1]

But Geden's attempt to place before this Court the issue of Advantage Award's "standing" as both a party-in-interest in the Bankruptcy Case and the appellee in this appeal is procedurally improper and substantively without merit. Because the Bankruptcy Court did not rule on Geden's Motion to Strike, this Court, respectfully, lacks jurisdiction to consider Advantage Award's status in the Bankruptcy Case. If this Court decides to consider the related issue of whether Advantage Award is truly the Appellee in this appeal, Advantage submits, as noted below, that it is properly deemed the Appellee in this

---

[1] This brief uses capitalized defined terms in Geden's opening brief [Doc 6] ("**Opening Brief**"). Under Bankruptcy Rule 8014(b), because Advantage Award is generally satisfied with Geden's jurisdictional statement, standard of appellate review (except for Advantage Award's "standing," which is not before this Court), and statement of the case (except argument and factual allegations irrelevant to the appellate issue before this Court), Advantage Award does not include those elements in this brief.

**1**

appeal as the prevailing litigant in the Bankruptcy Case and that propriety and common sense demand that Geden cannot prosecute this appeal without an opponent—particularly because Advantage Award actively opposed recognition in the Bankruptcy Court.[2]

## SUMMARY OF ARGUMENT

This Court has before it a streamlined appeal. The relevant factual record is small and undisputed. The sole appellate issue is easily stated: where Geden has not operated as a business for many years, where Dr. Balzan has not performed any duties or taken any actions in Malta as liquidator in the Malta Proceeding, and where there existed evidence that Geden was, when it operated, based in Turkey rather than Malta, did the Bankruptcy Court err in holding that the 1516 COMI Presumption was rebutted and that, once Geden could not rely on the presumption, Geden had failed to demonstrate COMI in Malta such that Chapter 15 recognition of the Malta Proceeding was

---

[2] Geden initially indicated in its *Notice of Appeal* [ROA.2463–65] that Advantage Award was not the Appellee in this appeal and neither was anyone else. Trying to find caselaw that holds that the prevailing party in the bankruptcy court is the appellee is like trying to find a case that holds that water is wet. But in one case, *Terry v. Sparrow,* 328 B.R. 450 (M.D.N.C. 2005), an unrepresented appellant listed "the Bankruptcy Administrator" as the appellee rather than the chapter 7 trustee, who was the opposing party with respect to the bankruptcy court orders under appeal. The court there held the obvious—that the chapter 7 trustee was "the proper Appellee" because she had "acted as Appellee in this appeal, and has responded to the appeals…" *Id.* at 453 n.1. Advantage Award is the appellee here.

unwarranted? The Court should answer "no" and affirm the Memorandum Opinion and Order (together, the "**BK Opinion**").[3] In ruling that the 1516 COMI Presumption was rebutted, the Bankruptcy Court relied on Dr. Balzan's testimony and Geden's own documents to find that there was evidence indicating Geden had been based in Turkey rather than Malta.[4] In turn, the Bankruptcy Court relied on Dr. Balzan's testimony that he had taken no actions and performed no duties as liquidator in Malta. Neither party to this appeal challenges or disputes these core and simple factual findings. The Bankruptcy Court correctly ruled that the 1516 COMI Presumption had been rebutted and that, following that rebuttal and the shifting of the burden to establish COMI back to Geden, Geden simply failed to carry that burden as a matter of fact.

---

[3] ROA.2441–62.

[4] Appellant repeatedly conflates the small amount of evidence necessary to rebut the 1516 COMI Presumption with the evidence necessary for a foreign representative to conclusively establish COMI in the absence of that presumption. Here, the Bankruptcy Court found that, particularly in light of the existence of a dispute regarding Geden's COMI, the evidence in the record (entirely Geden's own evidence) was sufficient to rebut the 1516 COMI Presumption. The Bankruptcy Court did not find (nor was it necessary for it to find) that there was sufficient evidence to *establish* that Geden's COMI was in Turkey. Rather, once the 1516 COMI Presumption no longer applied, it was incumbent on Geden to introduce sufficient evidence establishing that Geden's COMI was in Malta. Geden failed to do that.

The Bankruptcy Court then properly applied persuasive case precedent most consistent with the facts before it and denied recognition of the Malta Proceeding for want of evidence of COMI in Malta. No analogous countervailing statutory or judicial authority exists. Far from erring, the Bankruptcy Court (following two months of deliberation) ruled the only way it could, constrained as it was by the uncomplicated and undisputed factual record.

This Court should affirm.

• • •

**4**

## ARGUMENT

Bankruptcy Code § 1516(c) entitled Geden to a rebuttable presumption that Geden's COMI lay in Malta. Because that statutory presumption is based expressly on "the absence of evidence to the contrary," a party opposing recognition need only provide *some* evidence rebutting the presumption. In the face of rebutting evidence, the foreign representative—here, Dr. Balzan—bears the burden under Bankruptcy Code § 1517(b)(1) of establishing as a matter of fact that the foreign proceeding (here, the Malta Proceeding) is "a foreign main proceeding … pending in the country where the debtor has the center of its main interests" ("**COMI**").

Advantage Award, using *only* Geden's own evidence—the live testimony of Geden's foreign representative, Dr. Balzan, and at least one document produced by Geden and attached to Dr. Balzan's initial sworn declaration—rebutted the 1516 COMI Presumption, placing the burden of establishing COMI in Malta on Geden. Geden failed to meet that factual burden. On that factual record, the Bankruptcy Court had no choice under applicable law but to deny recognition of the Malta Proceeding under Bankruptcy Code § 1517(b). The Court should affirm the BK Opinion.

**Advantage Award's "Standing" Is Not Before This Court**

First, Advantage Award addresses Geden's meritless argument that Advantage Award somehow lacks "standing," should not have been heard in the Bankruptcy Court, and cannot be heard as the Appellee in this Court.[5]

There is no merit to Geden's Motion to Strike or the objection to Advantage Award's "standing" contained in it. Geden conflates the Constitutional concept of "standing" (which is an Article III justiciability principle inapplicable to proceedings in bankruptcy courts, which are not Article III courts) and the Bankruptcy Code's and the Bankruptcy Rules' concept of "party in interest."[6] Advantage Award is

---

[5] It hardly bears noting that an appellee does not have to demonstrate standing under Article III of the Constitution. *See, e.g., Arizonans for Official English v. Arizona,* 520 U.S. 43, 64 (1997) ("the standing Article III requires must be met by persons seeking appellate review" i.e. appellants); *Wyoming v. USDA,* 661 F.3d 1209, 1254 n.3 (10th Cir. 2011) ("an appellee is generally permitted to 'defend the judgment won below on any ground supported by the record without filing a cross appeal'" that would require standing).

[6] While there appears to be no case law interpreting the term "party in interest" as used specifically in Bankruptcy Rule 1012(a) ("A debtor or a party in interest may contest a Chapter 15 petition for recognition of a foreign proceeding"), courts interpreting the term in other contexts make plain that Advantage Award is a "party in interest" for the purposes of Bankruptcy Rule 1012(a). Courts, including the Supreme Court, have long construed the term "party in interest" broadly. *See, e.g., Truck Ins. Exch. v. Kaiser Gypsum Co.*, 602 U.S. 268, 277 (2024) (describing, in the context of Bankruptcy Code § 1109(b), the term "party in interest" as "general and capacious"); *In re Xenon Anesthesia of Tex., P.L.L.C.*, 698 F. App'x 793, 794 (5th Cir. 2017) (the term party in interest "generally 'means anyone who has a legally protected interest that could be affected by the bankruptcy case'") (quoting *In re Megrelis*, 2014 Bankr. LEXIS 3905, at *4 (Bankr. S.D. Tex. Sep. 12, 2014)). It would also offend common sense for

manifestly a party in interest for purposes of Bankruptcy Rule 1012(a) and not only because Dr. Balzan expressly identified Advantage Award as a likely defendant in actions he would bring in the United States were the Malta Proceeding recognized. Without the Malta Proceeding's being recognized under Chapter 15, Dr. Balzan cannot use United States courts to pursue actions against Advantage Award, so Advantage Award is at least "potentially concerned with or affected by a proceeding,"[7] which epitomizes precisely what the Supreme Court considers a party in interest.

Anyway,[8] the issue is not, respectfully, within this Court's appellate jurisdiction. Geden may not appeal a ruling the Bankruptcy Court

---

Bankruptcy Rule 2022(q)(1) to require Geden to provide Advantage Award, as a "part[y] to litigation pending in the United States in which [Geden] was a party when the petition was filed," notice of the Chapter 15 petition, but for Advantage Award not to be a "party in interest" under Bankruptcy Rule 1012(a).

[7] *Truck Ins. Exch.,* 602 U.S. at 277–78.

[8] Advantage Award's "standing" or—stated more accurately, its status as a party in interest—also did not matter much to the Bankruptcy Court because, under Fifth Circuit precedent in *Lavie v. Ran (In re Ran),* 607 F.3d 1017 (5th Cir. 2010) ("**Ran-Circuit**"), the Bankruptcy Court recognized that it had an independent duty to assess the factual merits of Geden's Chapter 15 petition:

> The Court must make an independent determination as to whether the Maltese Proceedings meets the definitional requirements of the Bankruptcy Code. *Basis Yield Alpha Fund (Master),* 381 B.R. at 40, *see Bear Stearns-Bankruptcy,* 374 B.R. at 126. "Even in the absence of an objection, courts must undertake their own jurisdictional analysis and grant or deny recognition under Chapter 15 as the facts of each case warrant." *Ran-Circuit*, 607 F.3d at 1021. In doing so, the Court may "consider any and all relevant facts

did not make. The Bankruptcy Court did not rule on the Motion to Strike or on Geden's objection to Advantage Award's "standing," instead dismissing it as moot, meaning that the Motion to Strike (together with any legal arguments urged within it) is not appealable.[9]

And that only makes common sense. Denying Advantage Award's ability to be heard in the Bankruptcy Court or this appeal would mean, among other things, that Geden would be prosecuting this appeal without an opponent.

Geden doesn't get to do that.

---

(including facts not yet presented)...." *Basis Yield Alpha Fund (Master)*, 381 B.R. at 40. Therefore, regardless of the Motion to Strike, the Court must determine whether the Maltese Proceeding meets the requirements of § 1517 of the Bankruptcy Code.

BK Opinion at 8–9.

[9] *See, e.g., Singleton v. Wulff,* 428 U.S. 106, 120–21 (1976) ("a federal appellate court does not consider an issue not passed upon below," especially when "injustice was more likely to be caused than avoided by deciding the issue without petitioner's having had an opportunity to be heard"). Although not a part of the appellate record here, the Court may be edified to learn that, at a hearing before the Bankruptcy Court on December 16, 2025, concerning Geden's motion for a stay of the BK Opinion pending this appeal, Geden again challenged Advantage Award's "standing" and urged the Bankruptcy Court to rule on that issue. The Bankruptcy Court declined to do so.

8

### Uncontroverted Facts Demonstrate COMI was Unclear

Although they form the entire basis of the BK Opinion, the relevant facts the Bankruptcy Court found—and that are entitled to this Court's considerable deference, reversible only for clear error[10]—are easy to reprise concisely:

- Geden was not entitled to the 1516 COMI Presumption because the Bankruptcy Court found evidence of a genuine dispute about COMI, citing, among other things, the "Irrevocable Performance Guaranty, entered between Geden and Eclipse … on Geden letterhead that includes an address in Malta, but Geden['s] mailing address listed in the document is in Istanbul, Turkey"[11] and "Geden's complicated operational history,"[12] evidence gleaned entirely from Geden's own witness, Dr. Balzan, and a document attached to Geden's own filings in the Bankruptcy Court.

- As of the time Geden filed its Chapter 15 petition, COMI was not in Malta and the Malta proceeding was not a "foreign main proceeding" because "the relevant inquiry is whether Dr. Balzan engaged in significant pre-Petition work to operate or liquidate Geden in Malta." The

---

[10] *Flint Hills Res. LP v. Jag Energy Inc.,* 559 F.3d 373, 375 (5th Cir. 2009)

[11] BK Opinion at 10, n.8.

[12] *Id.* at 11.

Bankruptcy Court found, citing Dr. Balzan's own "candid testimony,"[13] that he hadn't done anything to establish COMI in Malta before filing the Chapter 15 petition on April 28, 2025, citing, among other things: (a) that Dr. Balzan "could not recall if he reviewed the pleadings and documents [from the Pennsylvania State Court Litigation] prior to the Chapter 15 Case";[14] (b) that "Dr. Balzan testified in his role as Liquidator of the Maltese Proceeding, he has not paid any taxes, brought any legal actions outside of the Chapter 15 Case, convened any creditors meetings, or reached out to any former officers [or] directors of Geden … [and] has not sought discovery of any parties in a country other than the United States";[15] and (c) that "Dr. Balzan testified he has not satisfied what he considers to be the general responsibilities of a liquidator in a Maltese proceeding."[16]

---

[13] *Id.* at 18, n.18. Advantage Award gladly acknowledges that Dr. Balzan appears to be an experienced legal professional in Malta and has been forthcoming and candid throughout these proceedings.

[14] *Id.* at 16.

[15] *Id.* at 17.

[16] *Id.* at 18. Although Geden appears not to dispute it in this appeal, the Malta liquidation proceeding also was not a "foreign nonmain proceeding" because, again relying solely on Dr. Balzan's own testimony, the Bankruptcy Court found: "There is no evidence Geden had a place of operations in Malta as of the Petition Date. There is no evidence Geden was conducting business in Malta as of the Petition Date…. Finally, there is no evidence the actions of Dr. Balzan had an effect on the Malta marketplace as of the Petition Date, or rose beyond mere incorporation, record-keeping, or maintenance of property." *Id.* at 19–20.

- In this factual context, Geden's appeals to the factual record on pages 48–49 of its brief are unavailing. For instance, Dr. Balzan may have stated that "all of Geden's decisionmaking is made in Malta,"[17] but he then clarified that Geden had engaged in no such decision-making. Dr. Balzan may have stated that he was "the sole person in control of Geden" and "reside[d] and work[ed] in Malta," but he then clarified that he performed no liquidating activities on Geden's behalf.[18] Dr. Balzan may have stated that Geden's "only 'operations' were to wind down in accordance with Malta law," but he then clarified that Geden had done nothing in that regard.[19] Geden may ignore Dr. Balzan's candid and credible testimony, but this Court should not.

These factual findings, entitled to extreme deference on appeal, were based entirely on the sworn testimony of Dr. Balzan,[20] Geden's sole witness at the recognition hearing, and formed the entire basis for the BK Opinion. The Bankruptcy Court made no conclusions of law this Court would review de novo.

---

[17] Opening Brief at 48, quoting ROA.2171.

[18] *Id.,* citing ROA.2163.

[19] *Id.* at 48–49, citing ROA.2159–2160 and ROA.2047–2066.

[20] The one exception is the Performance Guaranty originally provided by Appellant in his pleading exhibits and admitted into evidence as part of the evidentiary hearing on recognition.

### COMI Presumption Was Rebutted

On this limited, straightforward, and undisputed[21] factual record—which included all parties' acknowledgement that Geden had no business operations, employees, or other activities anywhere in the world for ten years before Dr. Balzan assumed the role of liquidator in the Malta Proceedings—the Bankruptcy Court was required under Bankruptcy Code § 1516(c) to determine if the undisputed factual record qualified as "evidence to the contrary." Despite Geden's puzzling mischaracterization of the BK Opinion ("the Bankruptcy Court below **did** **not** find sufficient contrary evidence")[22] and its misquoting of Bankruptcy Code § 1516(c) by injecting the word "sufficient" into the statute, the Bankruptcy Court found only what any rational finder of fact could find on the record before it: that "evidence to the contrary"—

---

[21] Geden did not dispute at the Bankruptcy Court and does not dispute in this appeal the accuracy or veracity of these facts, Dr. Balzan's testimony, or the Performance Guaranty showing Geden's corporate base in Turkey.

[22] Opening Brief at 6 (emphasis in original). The BK Opinion contains extensive discussion of the evidence indicating legitimate questions about Geden's COMI after noting that *Ran-Circuit* requires the Bankruptcy Court to "determine COMI as of the Petition Date." BK Opinion at 13. For example, the Bankruptcy Court noted that "Consideration of Geden's entire operational history and/or COMI determination based on the date of the initiation of the Maltese Proceeding is not the property inquiry for the Court. The only evidence presented by Geden or Eclipse with respect to the relevant time period is Dr. Balzan's presence in Malta and work as Foreign Representative and Liquidator in Malta." *Id.* (citation omitted). The Bankruptcy Court described Dr. Balzan's testimony regarding his actions in the Malta Proceeding in the context of finding facts bearing on COMI. *Id.* at 15–17.

that is, evidence that COMI may not be in Malta—*existed*. Mere existence of contrary evidence is enough to rebut the 1516 COMI Presumption. Bankruptcy Code § 1516(c) does not modify the word "evidence" with any adjective other than "contrary." That the Bankruptcy Code does not require contrary evidence to be "sufficient" is underscored by the caselaw addressing the 1516 COMI Presumption, which "is only applied for speed and convenience in instances in which the COMI is obvious and undisputed."[23] The 1516 COMI Presumption "does not prevent, in accordance with applicable procedural law, calling for or assessing other evidence if the conclusion suggested by the presumption is called into *question by the court* or an interested party."[24]

The simple existence of *any* evidence suffices to rebut the presumption and place on the petitioner the burden of establishing COMI, one of the several elements any Chapter 15 petitioner must satisfy to obtain the extraordinary relief of invoking the jurisdiction and power of the United States courts to facilitate and cooperate with an

---

[23] *In re Oi Brasil Holdings Cooperatief U.A.,* 578 B.R. 169, 196 (Bankr. S.D.N.Y. 2017) (cleaned up).

[24] *In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*, 374 B.R. 122, 129 (Bankr. S.D.N.Y. 2007) (quoting Guide to Enactment of the UNCITRAL Model Law on Cross-Border Insolvency, U.N. Gen. Ass., UNCITRAL 30th Sess., U.N. Doc. A/CN.9/442 (1997) at ¶ 122) (emphasis in original).

insolvency proceeding in another country. Geden cites no authority that requires the contrary evidence to be anything other than extant.

Geden at page 44–45 of its brief asserts that the Bankruptcy Court relied on the Performance Guaranty as evidence rebutting the 1516 COMI Presumption and that that reliance was improper (in part, it appears, because Geden believes that the Performance Guaranty was hearsay in the manner it was allegedly used). Geden is mistaken. The Bankruptcy Court specifically noted that it did *not* rely on the Performance Guaranty for the proposition that Geden's COMI was, in fact, Turkey: "Because the Court determines COMI as of the Petition Date, whether Geden's COMI was previously in Turkey is irrelevant."[25]

Instead, what *was* relevant under Fifth Circuit precedent was "whether Dr. Balzan engaged in significant pre-Petition work to operate or liquidate Geden in Malta."[26] Far from prejudicing Geden, this line of inquiry *helped* Geden. By applying well-reasoned and oft-cited Chapter 15 decisions like *Creative Finance*[27] and *Fairfield Sentry*[28] and including "any relevant activities including liquidation activities and

---

[25] BK Opinion at 15. The Bankruptcy Court did, however, rely on the Performance Guarantee as evidence that COMI was disputed. BK Opinion at 10, n.8.

[26] *Id.*

[27] 543 B.R. 498 (Bankr. S.D.N.Y. 2016).

[28] 714 F.3d 127 (2d Cir. 2013).

administrative functions"[29] in its analysis, the Bankruptcy Court was giving Geden every conceivable opportunity to establish COMI in Malta despite there being no evidence that Geden ever had operations or employees in Malta. And it remained Geden's burden to do so;[30] as Professor Westbrook—one of the drafters of Chapter 15—stated, the 1516 COMI Presumption "is not a preferred alternative where there is a separation between a corporation's jurisdiction of incorporation and its real seat."[31]

Had the Bankruptcy Court not considered what Dr. Balzan may have done as liquidator in Malta shortly before the Petition Date, Geden would have had no hope of establishing COMI in Malta within the confines of the Fifth Circuit's as-of-the-Petition-Date rule articulated in *Ran Circuit*.

Stated more broadly, a rule that *rejects* sufficient liquidation activities as a legitimate basis for establishing COMI would produce the absurd result that only presently-operating foreign debtors could have their insolvency proceedings recognized under Chapter 15. That

---

[29] *Id.* at 133–34.

[30] *Oi Brasil*, 578 B.R. at 196 ("The registered office does not shift the risk of nonpersuasion, i.e. the burden of proof, away from the foreign representative seeking recognition as a main proceeding.") (cleaned up).

[31] *Bear Stearns*, 374 B.R. at 128 (quoting Jay Lawrence Westbrook, *Locating the Eye of the Financial Storm*, 32 BROOK. J. INT'L L. 3, 15 (2007))

**15**

cannot be the rule. And it isn't, despite that it is precisely what Geden appears to advocate for in its brief. Geden may not acknowledge how the Bankruptcy Court actually assisted the defunct Geden by giving Dr. Balzan an opportunity to substantiate liquidation activities in Malta, but that certainly does not mean the Bankruptcy Court somehow erred in doing so.

The reality is that Advantage Award opposed recognition on the sole basis that COMI did not exist in Malta as of the Petition Date and supported that opposition with contrary evidence, including the Performance Guaranty. The Bankruptcy Court also found that Geden had a "complicated operational history"[32] and uncertain operational locations based on considerable evidence offered by Eclipse, who was fully aligned with Geden (and paying its counsel's fees) and supporting recognition in the Bankruptcy Court.[33] While not voluminous, this was contrary evidence for purposes of rebutting the 1516 COMI Presumption, which courts, Congress, and even the United Nations Commission on International Trade Law (which promulgated the UNCITRAL

---

[32] BK Opinion at 11

[33] BK Opinion at 12–13, describing Geden's and its affiliates' convoluted corporate structure and indications that at least some Geden components were, in fact, located in Turkey. Notably, Eclipse and Geden are represented by the same counsel in the Pennsylvania actions despite that Eclipse is the plaintiff and Geden is a defendant.

**16**

Model Law on Cross-Border Insolvency on which Chapter 15 is closely based) say is both easily rebuttable by any party and independently reviewable by the bankruptcy court even if no party opposes recognition.[34] This contrary evidence easily rebutted the 1516 COMI Presumption, requiring Geden to meet its evidentiary burden to establish COMI in Malta. Geden could not.

### Geden Failed to Meet Its Evidentiary Burden to Establish COMI in Malta

Because Geden had not operated anywhere, much less in Malta, for many years, Geden could only establish COMI in Malta by demonstrating that Dr. Balzan had undertaken some measure of liquidation activities in Malta. Almost any such activities would have sufficed to carry Geden's burden[35] of establishing COMI in Malta, but Dr. Balzan's own testimony made clear that he had done *nothing* as liquidator in Malta, despite knowing from his experience and expertise what he should have done. Dr. Balzan could have:

- Collected assets in Malta. He didn't.[36]

---

[34] *See* discussion and cases collected in the BK Opinion at 5–6, none of which Geden challenged in the Bankruptcy Court or questions in its brief to this Court.

[35] The burden of proof on the requirements for recognition of a foreign proceeding under Bankruptcy Code § 1517 rests with the foreign representative. *Ran-Circuit,* 607 F.3d at 1021.

[36] Transcript of Hearing on June 4, 2025 [ROA.2490-2579] ("**Tr.**") at 32–33.

**17**

- Liquidated assets in Malta. He didn't.[37]

- Shut down any remaining businesses. He didn't.[38]

- Paid taxes. He didn't.[39]

- Commenced causes of action. He didn't.[40]

- Convened even one creditor meeting. He didn't.[41]

- Contacted Geden's former officers and directors. He didn't.[42]

- Identified any assets beyond Eclipse lawsuits. He didn't.[43]

The evidence adduced at the Bankruptcy Court hearing on recognition, evidence almost entirely limited to Dr. Balzan's testimony, pointed to one ineluctable finding: *nothing* had happened and *nothing* was happening in Malta when Geden filed its Chapter 15 petition. The

---

[37] Tr. 32–33.

[38] Tr. 32–33.

[39] Tr. 33:2–5.

[40] Tr. 33:6–13.

[41] Tr. 33:14–16.

[42] Tr. 33:17–19, 33:23–34:1.

[43] Tr. 50–68. Dr. Balzan testified that he spent a year and a half reviewing some (but not all) of the documents in Pennsylvania state court lawsuits brought against Advantage Award by Eclipse (not Geden, whom Eclipse actually sued, as well) pertaining to the remote possibility of assets of the Geden liquidation estate in the U.S. without verifying any of Eclipse's allegations, assessing their factual bases, seeking legal advice on the viability of any causes of action, or examining even one of the many court orders dismissing every single one of Eclipse's lawsuits containing these allegations. Despite acknowledging that doing all this is a core function of a liquidator in Malta—something he testified he'd done 40 or 50 times—Dr. Balzan hadn't done a thing. None of this should besmirch Dr. Balzan's reputation or good faith. It's just fact.

**18**

Bankruptcy Court could not have rationally found COMI to be in Malta in the absence of any operations, any employees, any assets, any offices, even any liquidation activities by Dr. Balzan—there simply was *no evidence* that Malta was Geden's COMI because there was *no evidence* that Malta was where Geden "conducts its regular business."[44] Even with the Bankruptcy Court looking to Second Circuit precedent to permit Geden the opportunity to establish "regular business" via liquidation activities undertaken by Dr. Balzan, Geden still was unable to provide evidence of anything qualifying as "regular business," anything Dr. Balzan had done to provide any basis to find COMI in Malta.

Geden's entire argument in this appeal is that the 1516 COMI Presumption should have applied to prevent any party—even the Bankruptcy Court itself—from so much as asking a question about whether COMI was legitimately located in Malta. What Geden wanted in the Bankruptcy Court, what it wants this Court to give it on appeal, and what it is not entitled to is precisely the "rubber stamp" the Bankruptcy Court correctly noted petitions for recognition are not.[45] Whether because Advantage Award challenged COMI or because the Bankruptcy Court had an independent duty to put Geden to its proof

---

[44] A debtor's COMI "lies where the debtor conducts its regular business, so that the place is ascertainable by third parties." *Fairfield Sentry,* 714 F.3d at 130.

[45] BK Opinion at 8.

on all statutory requirements for Chapter 15 recognition after Geden's own witness admitted to Geden's total lack of activity in Malta, the 1516 COMI Presumption was rebutted such that Geden bore the burden of proving COMI in Malta. Because Geden could not satisfy that burden—which relies purely on facts and is decided purely on facts—the Bankruptcy Court had no choice under the Bankruptcy Code and under the relevant caselaw but to deny recognition.

### The Bankruptcy Court Did Not Err in Refusing Recognition

Given the narrow factual record here and the clear dictates of the Bankruptcy Code, one would imagine the Bankruptcy Court would have been able to rule quickly. It did not. Instead, the Bankruptcy Court likely spent two full months undertaking a painstaking review of the entire record and a sophisticated analysis of the judicial landscape of cases dealing with questions of COMI before issuing its decision. A two-month deliberative process dispels any notion that the Bankruptcy Court did not give full consideration to the matter before it, any notion that the Bankruptcy Court regarded the matter as one that should be disposed of quickly, any notion that the Bankruptcy Court ruled impetuously, and any notion that the Bankruptcy Court committed the kind of clear error on findings of fact that could ever be reversed on appeal.

Geden is wrong that the Bankruptcy Court's ruling that the 1516 COMI Presumption had been rebutted was a conclusion of law reviewable in this Court de novo. As discussed above, rebutting the 1516 COMI Presumption is as simple as the existence of any "evidence to the contrary." The existence of contrary evidence is not a legal issue— it is a factual question: either contrary evidence exists or it does not. Here, the Bankruptcy Court directly received *from Geden's own witness* contrary evidence pertaining to whether COMI was in Malta.

Finding, as a matter of fact, that contrary evidence existed was all the Bankruptcy Court had to do to implement the requirements of Bankruptcy Code § 1517(b)(1)—determine whether, as a matter of fact, the petitioner was the foreign representative of a foreign debtor with COMI in the same country as the foreign proceeding proposed to be recognized. Geden had an *evidentiary* burden to satisfy a factual requirement (that is, Geden's COMI in Malta) and it failed to meet that burden. At that point, because the Bankruptcy Court found *as a matter of fact* that COMI was *not* in Malta, the Bankruptcy Court was constrained by Bankruptcy Code § 1517(b)(1) to rule that the Malta Proceeding could not be recognized.

Geden does not challenge the Bankruptcy Court's application of its findings of fact to the relevant subsections of the Bankruptcy Code nor the Bankruptcy Court's interpretation (if there even was one) of Bankruptcy Code § 1517(b)(1) concerning the recognition of a foreign proceeding in the debtor's COMI. Theoretically, the Bankruptcy Court's decision to apply Bankruptcy Code § 1517(b)(1) or its decision to interpret that statutory provision one way or another could be a conclusion of law reviewable on appeal de novo. But Geden does not challenge any of those things. Instead, Geden's sole quarrel is with whether the 1516 COMI Presumption was rebutted by the existence of contrary evidence. That is a fact-based issue in this appeal and the Bankruptcy Court's finding that contrary evidence existed to rebut the 1516 COMI Presumption is a factual finding reviewable on appeal only for clear error, when "the reviewing court based on all the evidence is left with the definitive and firm conviction that a mistake has been committed."[46]

The Bankruptcy Court made no mistake. It did not clearly err. It reached the only result supportable by the evidentiary record. It simply found that there existed contrary evidence and that, therefore, the

---

[46] *Flint Hills Res. LP v. Jag Energy Inc.,* 559 F.3d 373, 375 (5th Cir. 2009). *See also Andrews v. Cadleway Props.,* 2008 U.S. Dist. LEXIS 42174 (S.D. Tex. 2008) (same, in bankruptcy appeal).

**22**

1516 COMI Presumption had been rebutted. It then found that the only "regular business" Geden could have had as of the Petition Date—using the time-frame guidance from controlling Fifth Circuit precedent that Geden does not question—was liquidation activities by Dr. Balzan in Malta. It then found based on Geden's witness' own testimony that no such liquidation activities had occurred. None. The Bankruptcy Court did not even have to weigh evidence to make that finding of fact—*all* the evidence presented pointed conclusively to the fact that no liquidation activities had occurred in Malta. This Court, Advantage Award respectfully submits, cannot form a definitive and firm conviction that the Bankruptcy Court made a mistake finding the only fact any rational person could find on that evidentiary record.

To avoid this result, Geden tried to change the question. Rather than asking whether there was "evidence to the contrary" of COMI being in Malta—there clearly was—Geden asks whether there was evidence that COMI was somewhere else.[47] But, for the 1516 COMI Presumption to be rebutted, there must only be "evidence to the contrary" that "the debtor's registered office … is … the center of the debtor's

---

[47] *See* Opening Brief at 50–53 (arguing that, for the COMI presumption to fail, there must be affirmative evidence that "Geden's COMI could [be] anywhere other than Malta").

main interest."[48] The Bankruptcy Court found that there was evidence that COMI was not in Malta because Geden was doing nothing in Malta at all. That alone rebuts the 1516 COMI Presumption such that Geden was required to present evidence to meet its burden to show its COMI was in Malta. The Bankruptcy Court determined that Geden failed to do so. That factual finding is not clearly erroneous.

There is nothing to review de novo in this appeal. The Bankruptcy Court applied the facts it correctly found to the clear requirements of the Bankruptcy Code. It did not even have to interpret any of those statutory provisions except, perhaps, the meaning of "center of main interest" in § 1517(b)(1), which is not defined in the Bankruptcy Code but, rather, in the caselaw. Geden does not challenge the accepted judicial gloss on what COMI is but does appear to challenge *Creative Finance*'s application to this case. It's difficult to understand why. If the Bankruptcy Court had not applied *Creative Finance* and ignored liquidation activities as an alternative basis to find "regular business" for COMI purposes, Geden—with no business operations, assets, employees, or offices in Malta or anywhere else for a decade—would have struck out under Chapter 15 before it ever left the dugout.

---

[48] Bankruptcy Code § 1516(c).

Geden lost in the Bankruptcy Court on facts. Geden simply cannot convince this Court—much less give this Court a definitive and firm conviction—that the Bankruptcy Court clearly erred in its factual findings. Literally all the evidence the Bankruptcy Court cited in its opinion was Geden's evidence. That evidence pointed inescapably to one thing: COMI was not in Malta. On that factual basis, the Bankruptcy Court ruled the only way it could.

And it took two months to make sure it wasn't missing anything.

• • •

## CONCLUSION

For these reasons, this Court should affirm the BK Opinion.

January 9, 2026      **PACHULSKI STANG ZIEHL & JONES LLP**
*/s/ Jordan A. Kroop*
Michael D. Warner
Jordan A. Kroop
Steven W. Golden
700 Louisiana Street, Suite 4500
Houston, TX 77002
Tel:      (713) 691-9385
Email:   mwarner@pszjlaw.com
         jkroop@pszjlaw.com
         sgolden@pszjlaw.com

**25**

## CERTIFICATE OF COMPLIANCE WITH RULE 8015

1.  This brief complies with the type-volume limit of Fed. R. Bankr. P. 8015(a)(7)(B)(i) because, according to Microsoft Word, it contains 5,711 words, excluding the portions of the brief exempted under Fed. R. Bankr. P. 8015(g).

2.  This brief complies with the typeface and type-style requirements of Fed. R. Bankr. P. 8015(a)(5) and (6) because it has been presented in Garamond, a proportionally spaced typeface, in 14-point type (footnotes are in 12-point type).

By: */s/ Jordan A. Kroop*
Jordan A. Kroop

## CERTIFICATE OF SERVICE

I certify that, on January 9, 2026, a copy of this brief was served electronically via the Court's CM/ECF system on all parties registered to receive electronic notice in this case.

By: */s/ Jordan A. Kroop*
Jordan A. Kroop

26